**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **CHRISTOPHER REED** | **CIVIL ACTION NO. 21-2272** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **SHERYL M. RANATZA, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Plaintiff Christopher Reed, a prisoner at Tensas Parish Detention Center proceeding pro se and in forma pauperis, filed this proceeding on approximately July 30, 2021, under 42 U.S.C. § 1983. He names Sheryl M. Ranatza and Jeremy Dupree as defendants.[1] For reasons below, the Court should dismiss Plaintiff's claims.

## Background

Plaintiff was arrested on December 14, 2020. [doc. # 1, p. 3]. He alleges that his probation was later revoked[2] because of the charges for which he was arrested. *Id.* He claims, however, that he previously completed his probation time in October 2020. *Id.* He alleges that the probation time he completed was not "calculated." *Id.* He faults the Chairwoman of the Louisiana Board of Pardons and Committee on Parole, Sheryl M. Ranatza, claiming that she is aware of the mistake but "nothing has changed." [doc. #s 1, p. 3; 6, p. 1]. He likewise claims that his probation officer, Jeremy Dupree, "is aware of the mistake that was made with the length of [his] probation." [doc. # 5, p. 1].

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

[2] Plaintiff alleges specifically that his "probation time restarted . . . ." *Id.*

Plaintiff seeks $160,000.00, and he asks the Court to declare that his rights were violated.

[doc. #s 1, pp. 3, 5; 6, p. 2].

### Law and Analysis

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis.  As a

prisoner seeking redress from an officer or employee of a governmental entity, his complaint is

subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[3]  *See Martin v. Scott,* 156 F.3d

578, 579-80 (5th Cir. 1998) (*per curiam*).  Because he is proceeding in forma pauperis, his

Complaint is also subject to screening under § 1915(e)(2).  Both § 1915(e)(2)(B) and § 1915A(b)

provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is

frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks

monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact."

*Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is

"based on an indisputably meritless legal theory." *Id.* at 327.  Courts are also afforded the

unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual

contentions are clearly baseless.  *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead

"enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly,*

550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  A claim is

---

[3] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).  Plausibility does not equate to possibility or probability; it lies somewhere in between.  *Id.*  Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.*  A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely.  *Twombly, supra*.

In making this determination, the court must assume that all of the plaintiff's factual allegations are true.  *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).  However, the same presumption does not extend to legal conclusions.  *Iqbal, supra*.  A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8.  *Id*.  "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010).  Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint.  *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).  A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone.  *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

3

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted).  Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Official-Capacity Claim Against Ranatza**

Plaintiff seeks monetary and declaratory relief from Sheryl M. Ranatza, the Chairwoman of the Louisiana Board of Pardons and Committee on Parole.  He does not specify whether he seeks relief from her in her official capacity, individual capacity, or both.  To the extent Plaintiff seeks relief from Ranatza in her official capacity, the Court should dismiss Plaintiff's claim.

Liability under 42 U.S.C. § 1983 only applies to "person[s]" who deprive others of rights secured by the Constitution.  "State officers sued for damages in their official capacity are not 'persons' for purposes of the suit because they assume the identity of the government that employs them." *Hafer v. Melo*, 502 U.S. 21, 27 (1991).  "[T]he real party in interest in an official-capacity suit is the governmental entity and not the named official . . . ." *Id.*

Here, the State of Louisiana employs Ranatza.  "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).  "Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State." *Id.* (internal quotation marks and quoted sources omitted).

Ranatza is not a "person" under Section 1983.  While Plaintiff seeks declaratory relief, he

4

does not seek *prospective* declaratory relief; rather, he asks the Court to "declare that his rights *were* violated." [doc. # 6, p. 2 (emphasis added)]. He does not ask the Court to remedy any ongoing, unlawful conduct; instead, he asks the Court to declare that a past action violated his rights (i.e. the revocation of his probation, the miscalculation of his probation time, or the indifference to his request for recalculation). *See Green Valley Special Util. Dist. v. City of Schertz, Texas*, 969 F.3d 460, 471 (5th Cir. 2020) ("[A] complaint must allege that the defendant *is violating* federal law, not simply that the defendant *has done so*.").

Accordingly, the Court should dismiss any official-capacity claim against Ranatza.

### 3. *Heck v. Humphrey*

Under *Heck v. Humphrey*, 512 U.S. 477 (1994), the Court should dismiss Plaintiff's remaining claims against both defendants.

A successful civil rights action that would necessarily imply the invalidity of a plaintiff's conviction or sentence must be dismissed unless the plaintiff first shows that the conviction or sentence has been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 477. *Heck* applies in the context of probation and parole violations. *See Eaton v. McGee*, 113 F. App'x 9, 10 (5th Cir. 2004) ("Eaton's complaint challenges the validity of his probation revocation and two additional convictions, but he has not shown that the revocation or convictions have been set aside or otherwise called into question. His claims are barred by *Heck* and, thus, have no arguable merit."); *Jackson v. Vannoy,* 49 F.3d 175, 177 (5th Cir. 1995).

Here, Plaintiff seems to fault defendants for either failing to correctly calculate his probation time before or after he was arrested in December 2020, failing to correct a non-party's miscalculation of his probation time, revoking his probation, or moving to revoke his probation.

Prevailing on any of these ostensible theories would necessarily imply the invalidity of a

judgment revoking his probation.  *See Adongo v. Texas*, 124 F. App'x 230, 232 (5th Cir. 2005)

(finding, where the plaintiff claimed that he was denied due process during his revocation

proceedings, that *Heck* barred his claims because a favorable ruling "would call into question the

validity of the judgment that revoked [his] probation."); *McCollum v. Lewis*, 852 F. App'x 117,

122 (5th Cir. 2021) (finding, where the plaintiff claimed that his probation officer denied

modifications to his community supervision, that *Heck* barred his claim because his "challenge

implies that it would have been unlawful for a Texas state court to revoke [his] supervision . . .

.").[4]

   Plaintiff may not seek relief until the judgment revoking his probation is reversed,

expunged, declared invalid, or called into question by a federal court's issuance of a writ of

habeas corpus.

### Recommendation

   For the reasons above, **IT IS RECOMMENDED** that Plaintiff Christopher Reed's

claims against Sheryl M. Ranatza in her official capacity be **DISMISSED WITH PREJUDICE**

as frivolous and for failing to state claims on which relief may be granted.

   **IT IS FURTHER RECOMMENDED** that Plaintiff's remaining claims be

**DISMISSED WITH PREJUDICE**, as frivolous and for failure to state claims on which relief

may be granted, until the *Heck* conditions are met.

   Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by

this recommendation have **fourteen (14) days** from service of this Report and Recommendation

---

[4] *See also Thomas v. Epps*, 534 F. App'x 231, 232 (5th Cir. 2013); *Cougle v. Cty. of DeSoto, Miss.*, 303 F. App'x 164, 165 (5th Cir. 2008); *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995); *Lenard v. Mississippi*, 2007 WL 2873140, at *2 (S.D. Miss. Sept. 26, 2007).

to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  _See Douglass v. United Services Automobile Association_, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 1st day of October, 2021.

_____
Kayla Dye McClusky
United States Magistrate Judge

7